IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORY JOSEPH CLARK**                                                    **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 2:15-cv-117-KS-MTP**

**BILLY MCGEE, ET AL.**                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this matter and failure to comply with the Court's orders. For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

On September 4, 2015, Plaintiff filed his complaint [1], indicating that his address is Forrest County Jail, 55 Arena Drive, Hattiesburg, Mississippi 39401. On February 1, 2016, the Clerk of Court attempted to mail an Order [24][1] to Plaintiff at his address of record. The mail, however, was returned as undeliverable. *See* Mail Return [25].

Plaintiff has a duty to advise the Court of his current address. In numerous orders, the Court informed Plaintiff that his failure to advise this Court of his current address will be deemed a purposeful delay and contumacious act by the Plaintiff and may result in this case being dismissed *sua sponte*, without prejudice, and without further written notice. *See* Orders [3] [5] [6] [10] [16].

On February 16, 2016, the Court entered an Order to Show Cause [26], directing that "[o]n of before February 26, 2016, Plaintiff shall show cause why this action should not be

---

[1] In the Order [24], the Court directs Plaintiff to file a response to Defendants' Motion to Dismiss [22].

dismissed for failure to comply with the Court's orders." The Court warned Plaintiff that his failure to respond to the Order [26] may result in this action being dismissed without further notice. Plaintiff failed to respond to the Order [26].[2] In addition to his failure to comply with the Court's orders, Plaintiff has failed to prosecute his case. Plaintiff has not filed anything of record, or otherwise communicated with the Court, since November 17, 2015.

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). This case exemplifies the type of dilatoriness and inaction that warrants Rule 41(b) dismissal.

## RECOMMENDATION

As Plaintiff has failed in his obligations to prosecute his case and to comply with the Court's orders, the undersigned recommends that this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

---

[2] The Clerk of Court attempted to mail the Order [26] to Plaintiff at his address of record, but the mail was returned as undeliverable. *See* Mail Return [27].

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 1st day of March, 2016.

s/ Michael T. Parker
United States Magistrate Judge